PER CURIAM.
This proceeding is before the Court on the petition of The Florida Bar for amendments to the Code of Professional Responsibility. We have jurisdiction. Art. V, § 15, Fla. Const.
Canon 2 of the Code of Professional Responsibility provides: “A lawyer Should Assist the Legal Profession in Fulfilling Its Duty to Make Legal Counsel Available.” The Bar proposes various amendments to an Ethical Consideration and some Disciplinary Rules under Canon 2. Specifically, the Bar’s petition asks for changes in Ethical Consideration 2-3 and Disciplinary Rules 2-101, 2-103, and 2-104. Responses to the proposals have been received from members of the Bar.
The proposed amendments are set out below. Added language is indicated by the use of underscoring. Deletions are indicated by struck-through type.
The proposed amendment to Ethical Consideration 2-3 is as follows:
EC 2-3 Whether a lawyer acts properly in volunteering advice to a layman to seek legal services depends upon the circumstances. The giving of advice that one should take legal action could well be in fulfillment of the duty of the legal profession to assist laymen in recognizing legal problems. The advice is proper only if motivated by a desire to protect one who does not recognize that he may have legal problems or who is ignorant of his legal rights or obligations. Hence, the advice is improper if motivated by a desire to obtain personal benefit, secure personal publicity, or cause litigation to be brought merely to harass or injure another. Obviously, a lawyer should not personally contact a nonclient, directly or indirectly, for the purpose of being retained to represent him for compensation except as provided in DR 2-104.
The proposed amendments to Disciplinary Rule 2-101 are as follows:
DR 2-101 Publicity and Advertising.
*372 (A) A lawyer shall not, on behalf of himself, his firm, his partner, an associate or any other lawyer affiliated with him or his firm, use or participate in the use of, or knowingly permit the use of. any form of public communication containing a false, fraudulent, misleading, or deceptive statement or claim.
(B) Without limitation a false, fraudulent, misleading, or deceptive statement or claim includes a statement or claim which:
(1) Contains a material misrepresentation of fact;
(2) Omits to state any material fact necessary to make the statement, in the light of all circumstances, not misleading;
(3) Is intended or is likely to create an unjustified expectation;
(4) States or implies that a lawyer is a certified or recognized specialist other than as permitted by ,DR 2-105;
(5) Is intended or is likely to convey the impression that the lawyer is in a position to influence improperly any court, tribunal, or other public body or official;
(6) Relates to legal fees other than:
(a) A statement of the fee for an initial consultation;
(b) A statement of the fixed or contingent fee charged for a specific legal service, the description of which would not be misunderstood or be deceptive;
(c) A statement of the range of fees for specifically described legal services, provided there is a reasonable disclosure of all relevant variables and considerations so that the statement would not be misunderstood or be deceptive;
(d) A statement of specified hourly rates, provided the statement makes clear that the total charge will vary according to the number of hours devoted to the matter;
(e) The availability of credit arrangements; and
(f) A statement of the fees charged by a qualified legal assistance organization in which he participates for specific legal services the description of which would not be misunderstood or be deceptive; or
(7)Contains a representation or implication that is likely to cause an ordinary prudent person to misunderstand or be deceived or fails to contain reasonable warnings or disclaimers necessary to make a representation or implication not deceptive.
(C) A lawyer shall not, on behalf of himself, his partner or associate, or any lawyer affiliated with him or his firm, use or participate in the use of any form of public communication which:
(1) Is intended or is likely to result in a legal action or a legal position being asserted merely to harass or maliciously injure another;
(2) Contains statistical data or other information based on past performance or prediction of future success;
(3) Contains a testimonial about or endorsement of a lawyer;
(4) Contains a statement of opinion as to the quality of the services or contains a representation or implication regarding the quality of legal services which is not susceptible of reasonable verification by the public;
(5) Appeals primarily to a layperson’s fear, greed, desire for revenge, or similar emotion; or
(6) Is intended or is likely to attract clients by use of showmanship, puffery, self-laudation or hucksterism, including the use of slogans, jingles or garish or sensational language or formats or.
(7) Has any of the characteristics or uses anv of the methods described in Ethical Consideration 2-ll(a).
(D) A lawyer shall not compensate or give anything of value to a representative of the press, radio, television, or other communication medium in anticipation of or in return for professional publicity in a news item. A paid advertisement must be identified as such unless it is apparent from the context that it is a paid advertisement. If the paid advertisement utilizes radio or television, it *373 shall be prerecorded, approved for broadcast by the lawyer and a recording of the actual transmission in addition to a written transcript of the same shall be retained by the lawyer.
(E) A public communication does not include direct solicitation, in person or through an- intermediary, written or oral, nor does-it indude-the activity described in Ethical Consideration 2-11(⅝).
The proposed amendment to Disciplinary Rule 2-103 affects only paragraph (A) thereof and reads as follows:
DR 2-103 Recommendation of Professional Employment.
(A) A lawyer shall not initiate in-person contact to recommend employment, as a private legal practitioner, of himself, his firm, his partner, or associate, or any other lawyer affiliated with him or his firm to a non-lawyer who has not sought his advice regarding employment of a lawyer except as provided elsewhere in these rules.
The proposed amendment to Disciplinary Rule 2-104 is as follows:
DR 2-104 Suggestion of Need of Legal Services.
(A) Direct Communication. A lawyer who has given in-person unsolicited advice to a layman that he should obtain counsel or take legal action shall not accept employment resulting from that advice, except that:
(1) A lawyer may accept employment by a close friend, relative, former client (if the advice is germane to the former employment), or one whom the lawyer reasonably believes to be a client.
(2) A lawyer may accept employment that results from his participation in activities designed to educate laymen to recognize legal problems, to make intelligent selection of counsel, or to utilize available legal services if such activities are conducted or sponsored by any of the offices or organizations enumerated in DR 2-103(D)(l) through (5), to the extent and under the conditions prescribed therein.
(3) A lawyer who is furnished or paid by any of the offices or organizations enumerated in DR 2-103(D)(l), (2), or (5) may represent a member or beneficiary thereof, to the extent and under the conditions prescribed therein.
(4) Without affecting his right to accept employment, a lawyer may speak publicly or write for publication on legal topics so long as he does not emphasize his own professional experience or reputation and does not undertake to give individual advice.
(5) If success in asserting rights or defenses of his client in litigation in the nature of a class action is dependent upon the joinder of others, a lawyer may accept, but shall not seek, employment from those contacted for the purpose of obtaining their joinder.
(B) Written Communication,
m Written communications to prospective clients for the purpose of obtaining professional employment are subject to the following requirements:
Cal Such written communications shall be plainly marked “Advertisement” on the face of the envelope and at the top of each page of the written communication in type no smaller than the largest type used in the written communication.
(b) A copy of each such written communication shall be retained by the lawyer for three years. If written communications identical in content are sent to two or more prospective clients. the lawyer mav comply with this requirement by retaining a single copy together with a list of the names and addresses of persons to whom the written communication was sent.
(21 A lawyer shall not send, or knowingly permit to be sent, on behalf of himself, his firm, his partner, an associate. or anv other lawyer affiliated with him or his firm, a written communication to a prospective client for the purpose of obtaining professional emplovment if:
*374 (a) The written communication concerns a specific matter and the lawyer knows or reasonably should know that the person to whom the communication is directed is represented bv a lawyer in the matter:
(h> It has been made known to the lawyer that the person does not want to receive such communications from the lawyer:
(cl The communication involves coercion. duress, fraud, overreaching. harassment, intimidation, or undue influence:
(dl The communication contains a false, fraudulent, misleading, or deceptive statement or claim or is improper under DR 2-101: or
(el The communication is prompted bv a specific occurrence affecting the person to whom the communication is directed, or a member of his family, in a manner distinct from the effect on the general public.
The proposed amendments appear to be intended to conform the affected provisions to recently-developed principles pertaining to the permissibility of advertising and solicitation of employment by lawyers. We have considered the proposed changes and have decided to grant the Bar’s petition and promulgate the amendments.
The above-stated amendments to Ethical Consideration 2-3 and Disciplinary Rules 2-101, 2-103, and 2-104 of the Florida Bar Code of Professional Responsibility, are hereby adopted. The amendments will take effect on January 1, 1984.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDonald, EHRLICH and SHAW, JJ., concur.